UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAD EICHENBERGER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ESPN, INC., a Delaware corporation,<br><br>    Defendant. | C14-463 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, docket no. 31, is GRANTED without prejudice, with leave to amend.  Plaintiff must amend within 30 days from the date of this Minute Order.

In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action" in order "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

MINUTE ORDER - 1

Plaintiff's factual allegations in this case are too speculative to meet the Iqbal/Twombly plausibility standard.  Plaintiff has failed to allege sufficient facts that ESPN violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), by transmitting his personally identifiable information ("PII") to a third party.  Because the information allegedly disclosed is not PII (i.e., Plaintiff's Roku device serial number and his viewing records), Plaintiff's legal theory fails.  Although ESPN could be found liable under the VPPA for disclosing both "a unique identifier and a correlated look-up table" by which Plaintiff could be identified as a particular person who watched particular videos, Plaintiff does not allege sufficient facts to support his theory that Adobe already has a "look-up table."  See In re Hulu Privacy Litig., No. C 11-03764 LB, 2014 WL 1724344, at *11 (N.D. Cal. Apr. 28, 2014).  Even if Adobe does "possess a wealth of information" about individual consumers, it is speculative to state that it can, and does, identify specific persons as having watched or requested specific video materials from the WatchESPN application.

When the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014), quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Even though Plaintiff's current theory fails as alleged, the Court is not convinced that further amendment would be futile.

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of November, 2014.

       William M. McCool
       Clerk

       s/Claudia Hawney
       Deputy Clerk