1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHAD EICHENBERGER,
individually and on behalf of all others
similarly situated,

                    Plaintiff,

          v.

ESPN, INC., a Delaware corporation,

                    Defendant.

C14-463 TSZ

ORDER

        THIS MATTER comes before the Court on Defendant's Motion to Dismiss

Plaintiff's Second Amended Complaint, docket no. 43.  Plaintiff claims that defendant

violated the Video Privacy Protection Act (VPPA), which prohibits video tape service

providers from knowingly disclosing personally identifiable information concerning a

consumer.  Because plaintiff has failed to allege that defendant disclosed "personally

identifiable information" as required to state a claim under the VPPA, and granting

plaintiff leave to file a third amended complaint would be futile, plaintiff's complaint is

DISMISSED with prejudice.

ORDER - 1

**Background**

Plaintiff's second amended complaint makes the following allegations. Defendant, ESPN, Inc., is a large producer of sports-related news and entertainment programming. *See* Second Amended Complaint (docket no. 40) ¶ 1.  While it operates on a number of platforms, including its ESPN television channel, viewers can also access ESPN programming through the "WatchESPN Channel" for the Roku digital media-streaming device. *Id.*  Roku is a device that allows users to view videos and other content on their televisions via the Internet. *Id.* ¶ 1 n.1.

Plaintiff, Chad Eichenberger, downloaded the WatchESPN Channel for Roku and began using it to watch sports-related news and events in "early 2013." *Id.* ¶ 26.[1] According to plaintiff, at no time did he consent that defendant could share any information with a third party. *Id.* ¶ 27.  Plaintiff alleges, however, that every time he viewed a video using the WatchESPN Channel on his Roku device, defendant knowingly disclosed Personally Identifiable Information (PII) "in the form of his unique Roku device serial number, along with the videos he viewed" to a third party, Adobe Analytics. *Id.* ¶ 29.

By Minute Order dated November 24, 2014, docket no. 38, the Court previously dismissed plaintiff's first amended complaint, ruling that disclosure of plaintiff's Roku device serial number alone was not sufficient to establish liability under the VPPA. Plaintiff's second amended complaint now adds the allegation that once this information

---

[1] According to defendant, however, the WatchESPN Channel was not available for the Roku device until November 2013.  Def.'s Mot. Dismiss (docket no. 43) at 16 n.7.

ORDER - 2

1   was sent to Adobe, Adobe "automatically correlated [it] with existing user information

2   possessed by Adobe, and therefore identified Eichenberger as having watched specific

3   video material[,]" *id.*, through a technique known as "Cross-Device Visitor

4   Identification" (or "Visitor Stitching"), *id.* ¶ 22.  As alleged by plaintiff, "the Visitor

5   Stitching technique means Adobe links a Roku's serial number and information

6   transmitted with it (once received from the WatchESPN Channel) with the Roku's owner

7   and connects the newly-received information with existing data already in Adobe's

8   profile of that individual—information that Adobe previously collected from other

9   sources, including 'email addresses, account information, or Facebook profile

10  information, including photos and usernames.'"  *Id.* (internal footnote omitted).

11         According to plaintiff, "[t]his practice allows Adobe (as it and ESPN have

12  publicly represented) to identify specific consumers and track them across various

13  platforms and devices, as well as to generate the sorts of detailed information on those

14  consumers' activities included in ESPN's 'Performance_Targeting_Insights' report."  *Id.*

15  ¶ 24 (internal footnotes omitted).  Ultimately, plaintiff asserts, "because Adobe associates

16  visitor ID's [sic] (here, the Roku serial number) with the corresponding user information

17  that it already possesses, WatchESPN's disclosures identified Eichenberger . . . to Adobe

18  as having watched specific video materials."  *Id.* ¶ 25.

19         In February 2015, defendant filed a motion to dismiss plaintiff's second amended

20  complaint, arguing that like plaintiff's first amended complaint, it fails to plead facts

21  which could plausibly establish liability under the VPPA, and urging the Court to dismiss

22  plaintiff's second amended complaint with prejudice.  Mot. Dismiss (docket no. 43) at 1.

23

ORDER - 3

**Discussion**

    **1. Standard of Review**

        The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    **2. VPPA Claim**

        The VPPA was adopted in 1988[2] after a newspaper published a list of video tapes that had been rented by Judge Robert Bork and his family during Judge Bork's contested Supreme Court nomination. *Dirkes v. Borough of Runnemede*, 936 F. Supp. 235, 238 (D.N.J. 1996). Responding to what was seen as an "invasion into the Bork family's privacy[,]" *id.*, Congress quickly passed the VPPA "[t]o preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual

---

[2] Video Privacy Protection Act of 1988, Pub. L. No. 100-618, 102 Stat. 3195 (1988).

ORDER - 4

1  materials[,]" S. Rep. No. 100–599, at 2 (1988).[3]

2      The VPPA prohibits video tape service providers from knowingly disclosing

3  "personally identifiable information concerning any consumer[.]"  18 U.S.C. §

4  2710(b)(1).  The VPPA provides that "the term 'personally identifiable information'

5  includes information which identifies a person as having requested or obtained specific

6  video materials or services from a video tape service provider[.]"  18 U.S.C. §

7  2710(a)(3).

8      "Any person aggrieved" by such a disclosure "may bring a civil action in a United

9  States district court[,]" and if successful, "[t]he court may award—(A) actual damages

10  but not less than liquidated damages in an amount of $2,500; (B) punitive damages;

11  (C) reasonable attorneys' fees and other litigation costs reasonably incurred; and (D) such

12  other preliminary and equitable relief as the court determines to be appropriate."  18

13  U.S.C. § 2710(c).

14      At issue here is whether plaintiff's assertions that defendant disclosed his Roku

15  device serial number and a record of the videos he watched to Adobe, which then

16  purportedly used information already in its possession to identify plaintiff, sufficiently

17  allege that defendant disclosed PII within the meaning of the VPPA.  Defendant argues

18  that the disclosure of plaintiff's anonymous Roku device serial number and video history

19  is not PII within the meaning of the VPPA, and as a result plaintiff has failed to allege

20  _____

21      [3] The VPPA was amended in 2013.  Video Privacy Protection Act Amendments Act of 2012,
Pub. L. No. 112-258, 126 Stat. 2414 (2013).  The amendments, which expand the statute's

22  consumer consent provisions, *see* 18 U.S.C. § 2710(b)(2), are not at issue here.

23

ORDER - 5

1    facts plausibly giving rise to relief.[4]

2         As the Court previously held in its Minute Order dated November 24, 2014, "the

3    information allegedly disclosed is not PII (i.e., Plaintiff's Roku device serial number and

4    his viewing records)[.]"  Nov. 24, 2014, Minute Order (docket no. 38) at 2.  This

5    conclusion is consistent with the statute's text, its legislative history, and the growing line

6    of cases that have considered this issue.

7         Because the VPPA provides only a "minimum, but not exclusive, definition of

8    personally identifiable information[,]" S. Rep. No. 100-599, at 11–12 (1988), the Court

9    must look to the term's ordinary meaning to determine what, above the statutorily

10   provided minimum, it encompasses.  Courts that have considered the meaning of the term

11   "personally identifiable information" in other contexts have held that this term requires

12   information that identifies a specific individual rather than an anonymous identification

13   number or ID.  For instance, in *Pruitt v. Comcast Cable Holdings, LLC*, 100 F. App'x

14   713 (10th Cir. 2004), the Tenth Circuit considered the meaning of "personally

15   identifiable information" in the context of the 1984 Cable Communications Privacy Act,

16   47 U.S.C. § 551.  *Pruitt*, 100 F. App'x at 716.  Faced with a statute that also did not

17   provide an exhaustive definition of this term, the court concluded that the disclosure of a

18   identification code unique to each device along with the user's pay-per-view history was

19   not "personally identifiable information."  *Id.*  Instead, the Tenth Circuit noted that rather

20   _____

21        [4] Defendant also argues that plaintiff is not a "consumer" as defined by the VPPA.  However,
     because the Court concludes that plaintiff has not adequately pleaded that defendant disclosed
22   PII, the Court does not reach this issue.

23

ORDER - 6

1 than identifying an individual, the disclosure by itself provided "nothing but a series of

2 numbers." *Id.*

3          Similarly, in *Johnson v. Microsoft Corp.*, No. C06-0900RAJ, 2009 WL 1794400

4 (W.D. Wash. June 23, 2009), the court considered whether the disclosure of a user's IP

5 address was "personally identifiable information" in the context of an end user license

6 agreement. *Id.* at *1.  After noting that there was no operative definition for this term in

7 the agreement, the court concluded that "the only reasonable interpretation" was that for

8 information "to be personally identifiable, it must identify a person." *Id.* at *4.

9 Accordingly, the court held, because an IP addresses only identifies a computer, it is not

10 personally identifiable.  *Id.*  As these examples illustrate, the term "personally identifiable

11 information," by its ordinary meaning, refers to information that indentifies an individual

12 and does not extend to anonymous IDs, usernames, or device numbers.

13          The VPPA's legislative history confirms this understanding.  As the Senate Report

14 that accompanied the VPPA noted:

15          The term "personally identifiable information" includes information which
           identifies a person as having requested or obtained specific video materials
16          or services from a video tape service provider.
           . . .
17          This definition makes clear that personally identifiable information is
           intended to be transaction-oriented.  It is information that identifies a
18          particular person as having engaged in a specific transaction with a video
           tape service provider. The bill does not restrict the disclosure of
19          information other than personally identifiable information.

20 S. Rep. No. 100-599, at 11–12 (1988).  The focus of this statute, therefore, is on whether

21 the disclosure by itself identifies a particular person as having viewed a specific video.

22

23

ORDER - 7

1    An increasing number of courts have also reached the conclusion that "personally

2    identifiable information" as used by the VPPA, means information that itself identifies an

3    individual and does not include otherwise anonymous identification numbers or

4    information.  In *In re Nickelodeon Consumer Privacy Litig.*, No. CIV.A. 12-07829, 2014

5    WL 3012873 (D.N.J. July 2, 2014), the court stated that "there is simply nothing on the

6    face of the statute or in its legislative history to indicate that 'personally identifiable

7    information' includes the types of information—anonymous user IDs, a child's gender

8    and age, and information about the computer used to access Viacom's websites . . . ." *Id.*

9    at *9; *see also In re Nickelodeon Consumer Privacy Litig. (Nickelodeon II)*, No. CIV.A.

10   12-07829, 2015 WL 248334, at *3 (D.N.J. Jan. 20, 2015) ("For reasons explained

11   extensively in the July 2 Opinion, nothing on the face of the VPPA or its legislative

12   history suggest that 'personally identifiable information' ('PII') includes information

13   such as anonymous user IDs, gender and age, or data about a user's computer.").  In *Ellis*

14   *v. Cartoon Network, Inc.*, No. 1:14-CV-484-TWT, 2014 WL 5023535 (N.D. Ga. Oct. 8,

15   2014), the court held that disclosure of the plaintiff's Android phone identification

16   number was not "personally identifiable information" under the VPPA, noting that "the

17   VPPA requires . . . identifying both 'the viewers and their video choices.'" *Id*. at *3.

18   *In re Hulu Privacy Litig.*, No. C 11-03764 LB, 2014 WL 1724344 (N.D. Cal. Apr.

19   28, 2014), offers a vivid example of the distinction between information that identifies an

20   individual and information that does not.  In *Hulu*, the court was asked to consider

21   several different disclosures made by Hulu to two different parties, comScore and

22   Facebook.  *Id.* at *3–5.  During the relevant time period, whenever a user watched a

23

ORDER - 8

1    video on hulu.com, Hulu sent comScore, among other things, the user's unique Hulu ID

2    and the name of the program that had been watched.  *Id.* at *3.  While this information

3    was anonymous, plaintiffs argued that the code provided by Hulu potentially enabled

4    comScore to link this information back to specific individuals.  *Id.* at *4.  Hulu also sent

5    different information to Facebook.  Specifically, when some users clicked on the

6    Facebook "Like" button while watching a program on hulu.com, a code written by Hulu

7    automatically caused the user's web browser to send Facebook information that included

8    the title of the program being watched and the person's Facebook username.  *Id.* at *5.

9         Distinguishing between these two different disclosures, the court held that the

10   information sent to comScore was not personally identifiable and granted summary

11   judgment in Hulu's favor.  *Id.* at *12.  Conversely, the court denied summary judgment

12   regarding the transmission to Facebook because they "reveal[ed] information about what

13   the Hulu user watched and who the Hulu user is on Facebook."  *Id.* at *13.  While Hulu

14   argued that disclosing who the Facebook user was did not equate to identifying an

15   individual, the court concluded that disclosing a user's Facebook ID was "more than a

16   unique, anonymous identifier," *id.* at 14, but was rather "akin" to disclosing who they

17   were, *id.* at *15.

18        Finally, in *Locklear v. Dow Jones & Co.*, No. 1:14-CV-00744-MHC, 2015 WL

19   1730068 (N.D. Ga. Jan. 23, 2015), the court considered a claim essentially identical to

20   the one presented here.  In *Locklear*, the plaintiff claimed that the defendant had violated

21   the VPPA because it had disclosed the plaintiff's Roku device serial number along with a

22   record of the programs she had watched on defendant's Wall Street Journal Live Channel

23

ORDER - 9

for Roku.  *Id.* at *1.  Citing the above-mentioned cases, the court dismissed the plaintiff's claim, holding that disclosure of the plaintiff's "Roku serial number, without more, does not constitute PII[.]"  *Id.* at *4.

In light of the VPPA's text and legislative history, "personally identifiable information" under the VPPA means information that identifies a specific individual and is not merely an anonymous identifier.  As the Court noted in its previous Minute Order, plaintiff's allegation that defendant disclosed his Roku device serial number and a record of what he watched does not sufficiently plead that defendant disclosed PII.

In an attempt to overcome this shortfall, plaintiff's second amended complaint adds the allegation that once Adobe received his Roku device serial number, it took steps to identify him by combining it with other information already in its possession.  This allegation also fails to assert a plausible claim to relief under the VPPA.

Several courts have rejected this precise argument.[5]  For instance, in *Nickelodeon*, the court held that the defendant could not be held liable under the VPPA based on the allegation the third-party recipient of the plaintiff's anonymous user ID might be able to use that information to identify the plaintiff.  2014 WL 3012873, at *11.  Rather, as the court explained, while "this type of information might one day serve as the basis of personal identification after some effort on the part of the recipient, . . . the same could be said for nearly any type of personal information; this Court reads the VPPA to require a

_____

[5] Plaintiff's counsel has unsuccessfully made identical arguments in at least two other cases that have been dismissed:  *Locklear*, 2015 WL 1730068; *Ellis*, 2014 WL 5023535.

ORDER - 10

1   more tangible, immediate link." *Id.*

2          The court in *Ellis* reached the same conclusion.  In *Ellis*, each time a user watched

3   a video on defendant's application for Android phones, the application sent a record of

4   what was watched along with the user's Android ID to Bango, a third party.  2014 WL

5   5023535, at *1.  In addition to arguing that the randomly generated Android ID used to

6   identify users was PII, the plaintiff also contended that even if it was not itself PII, it

7   became PII when Bango took steps to identify the plaintiff using other information in its

8   possession.  The court rejected both of these positions.  First, the court observed that

9   "[t]he Android ID is a randomly generated number that is unique to each user and device.

10  It is not, however, akin to a name.  Without more, an Android ID does not identify a

11  specific person." *Id.* at *3 (internal footnotes omitted).  Next, the court stated that "[a]s

12  the Plaintiff admits, to connect Android IDs with names, Bango had to use information

13  'collected from a variety of other sources.'" *Id.* (internal footnote omitted).  However, a

14  party does not "violate the VPPA because the third party had to take extra steps to

15  connect the disclosure to an identity[.]" *Id.*  Accordingly, "[f]rom the information

16  disclosed by the Defendant alone, Bango could not identify the Plaintiff or any other

17  members of the putative class [and]  Plaintiff has not alleged the disclosure of personally

18  identifiable information . . . ." *Id.*

19         Finally, faced with essentially identical facts and arguments as plaintiff presents

20  here, the court in *Locklear* also rejected the plaintiff's argument that the actions of a

21  third-party recipient could convert a user's anonymous Roku device serial number into

22  PII upon which a VPPA claim could be based.  2015 WL 1730068, at *6.  There, the

23

ORDER - 11

plaintiff alleged that mDialog, the third-party recipient of the plaintiff's Roku device serial number, was able to identify her after using other information not provided by the defendant. *Id.* This, the court noted, *"is fatal to Plaintiff's complaint"* because "[j]ust like in *Ellis*, *In re Hulu Privacy Litigation* and *In re Nickelodeon Consumer Privacy Litig.,* third party mDialog had to take further steps, i.e., turn to sources other than Dow Jones, to match the Roku number to Plaintiff." *Id.* As a result, the court held that, "[t]he record does not establish any context or basis for finding that information disclosed by Dow Jones to mDialog identifies specific viewers." *Locklear*, 2015 WL 1730068, at *6. Accordingly, the court dismissed plaintiff's complaint. *Id.*

The same fatal flaw observed by the courts in these cases is present here. Having failed to establish that defendant itself disclosed PII within the meaning of the VPPA, plaintiff has alleged that Adobe used information gathered from other sources to link plaintiff's Roku device serial number and the record of what videos were watched to plaintiff's identity. As the above-mentioned cases explain, however, this does not amount to PII and is insufficient to state a claim under the VPPA. Accordingly, plaintiff has again failed to allege that defendant disclosed PII.

"Where a plaintiff does not allege the disclosure of personally identifiable information to a third party, that plaintiff's claim must be dismissed." *Ellis*, 2014 WL 5023535, at *3. While a plaintiff may be given an opportunity to amend its complaint when the Court dismisses it either in whole or in part, *see Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), leave to amend may be denied where amendment would be futile, *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014).

1  Plaintiff has filed three complaints, each of which has alleged that defendant at most

2  disclosed plaintiff's Roku device serial number and a record of what he watched to a

3  third party that may have taken steps to discover his identity using information gathered

4  from other sources.  Because these allegations are insufficient to state a claim under the

5  VPPA and granting plaintiff leave to amend would be futile, plaintiff's complaint is

6  DISMISSED with prejudice.

7  **<u>Conclusion</u>**

8          For the foregoing reasons, plaintiff's Second Amended Complaint, docket no. 40,

9  is DISMISSED with prejudice.

10

11

        Dated this 7th day of May, 2015.

12

13

14  _____

        Thomas S. Zilly

15        United States District Judge

16

17

18

19

20

21

22

23

ORDER - 13